WILLIAM G. C. MORRISON, APPELLANT, v. MINER WINN, RESPONDENT.

*Estoppel.*

> The appellant abandoned the possession of an unsurveyed tract of land and stated to respondent's grantor he no longer had any interest in it, whereupon the latter took actual possession of the land and made improvements at a cost of $1,000, and continued to use the water now in dispute upon it without objection, without which it was of no value. Respondent paid such grantor the amount he had expended, and expended $500 more upon improvements, all of which was known to appellant, and to which he made no objection. *Held,* appellant was estopped from claiming the water against respondent.

(Decided September 20, 1898.)

Appeal from District Court, Sevier County. Hon. E. V. Higgins, *Judge*.

Action by William G. C. Morrison against Miner Winn praying a decree determining plaintiff's right to the waters of Dry Creek and an injunction restraining defendant from using said waters. From a judgment for defendant, plaintiff appeals. *Affirmed.* The opinion states the facts.

*Ferdinand Erickson, Esq., J. W. N. Whitecotton, Esq.,* and *Messrs. Rawlins, Thurman, Hurd & Wedgewood,* for appellant.

Before estoppel can be invoked in favor of Moore's (respondent's grantor's) title, five things must be found to exist in his favor, viz:

1. There must have been a false representation or a concealment of material facts.

2. The representation must have been made with knowledge, actual or virtual, of the facts.

3. The party to whom it was made must have been ignorant, actually and permissibly, of the truth of the matter.

4. It must have been made with the intention, actual or virtual, that the other party should act upon it.

5. The other party must have been induced to act upon it. Bigelow on Estoppel, 569–570.

*J. Byron Jennings, Esq.,* for respondent.

The prior appropriator cannot claim water after it has been abandoned by him and appropriated by another. *Eddy* v. *Simpson,* 3 Cal. 249; *Barkley* v. *Trileke,* 2 Mont. 59.

It is a well established principle, that where the true owner of property, for however short a time, holds out another, or allows another to appear as the owner of, or as having full power of disposition over the property, the same being in the latter's actual possession, and innocent third parties are thus lead into dealing with such apparent owner, they will be protected.    *Saltus* v. *Everett*, 32 Am. Dec. 547; *Williams* v. *Merle*, 25 Am. Dec. 612 and notes 1 and 2; Bigelow on Estoppel, page 560 and cases.

The respondent relies on Equitable Estoppel.    Pomeroy's Equity Jurisprudence, 2nd Ed. Vol. 2. Secs. 802, 804, 806, 867.    *Drew* v. *Kimball*, 80 Am. Dec. 163 and notes 171-2; *Cowles* v. *Bacon*, 56 Am. Dec. 378 and note; *Brown* v. *Wheeler*, 44 Am. Dec. 556 and note; *N. Y. Rubber Co.* v. *Rothery*, 1 Am. St. 826 and note; *DeBerry* v. *Wheeler*, 49 Am. St. 542 and note; *Curtis* v. *Le Grand H. W. Co.* 25 Pac. 378; *Lehigh Irrigation Co.* v. *Moyle* (Utah) 9 Pac. 877; *Faibain* v. *Collins*, 3 Mont. 215, 229; *Parker* v. *Kilhman*, 8 Cal. 78.

ZANE, C. J.

On July 27th, 1896, the appellant filed his complaint in the district court of Sevier county, in which he alleged, among other things, that he was entitled to the waters of Dry Creek in that county; that respondent claimed the right to the same waters and was using them to irrigate a tract of land occupied by him, and prayed for a decree determining his rights thereto, and perpetually enjoining the respondent from using them.    The defendant answered, denying the appellant's right, and alleged in his cross-complaint that the right to them was in him, and prayed that the same might be so determined, and that appellant might be perpetually enjoined from using the same, or any part thereof.

It appears from the record that in 1883, appellant obtained possession of the east half of the southwest quarter and the west half of the southeast quarter of section 34, Township 25, in Sevier County, Utah, to which he afterwards obtained patent from the United States; that he also took possession of a hundred acres of unsurveyed land of the United States on the south side of them through which Dry Creek runs, from which he occasionally irrigated a portion of his patented land upon which he lived, but it appears he usually obtained water from Clear Creek for the latter. In 1892, appellant sold his patented land and his possessory right to the unpatented land, including the water in dispute, to one N. C. Sorenson, who took actual possession. It appears further that J. A. Moore, having heard that one Hulbert was about to take possession of the unsurveyed lands, went to the appellant and informed him of that fact, and appellant said it did not belong to him, that it made no difference; that Moore then told him if he could get on the land first he would claim it, and appellant answered I would rather see you take it than anybody, and said go and build a home upon it, and Moore said to him if there are any improvements on it that belong to you I will pay for them. Appellant said there was water enough to raise what Moore would need, and made no claim to the water. It further appears that Moore called on Sorenson two days afterwards who said to him he had made a certain fence on the land, for which he had given one Hulbert a horse, and Moore could have it for a saddle horse, which the latter delivered. On the same day Moore took possession of the unsurveyed land and commenced improving it, erected a house and stable upon it; fenced a field; plowed ground and seeded it, raising crops; cleared out ditches, made new ones, and used the water in dispute upon it until

March 12, 1895, when he sold and delivered the possession of the entire unsurveyed land and water right in dispute to the respondent for $1,000.

It also appears that respondent took possession under the sale and has since made permanent improvements on it to the value of $500, and still has possession, using the waters in dispute, the plaintiff making no objection to such possession or improvements.

This action was not brought to recover possession of the land. It was simply brought to secure a decree establishing plaintiff's right to the waters of Dry Creek, and an injunction restraining respondent from using it.

It appears that the deed of conveyance from appellant to Sorenson, of the patented land and the possessory right to the unsurveyed land, or the contract to convey (which does not appear from the record or otherwise) was set aside some years after it was made (when does not appear); nor does it appear precisely what the provisions of the decree were; the decree does not appear in the record.

The facts, as above stated, are the substance of the findings of the court, and from them the court concluded that the appellant was estopped from claiming a right to the waters of Dry Creek, as against the respondent.

From the evidence in the record, and from the fact that appellant has not contested respondent's possessory right to the unsurveyed land, we must regard that right as in the respondent. It appears that the waters of Dry Creek have been used on that land exclusively for as much as fifteen years, excepting some of it was used by appellant at times on the patented land before the sale to Sorenson. It appears that respondent acted in good faith in the purchase of this land and in making improvements upon it, and to deny him the use of the water in question would render his land worthless.

Under the evidence the appellant must be presumed to have known whether he had any right to the land in possession of respondent, and the waters of Dry Creek, better than respondent, or even than Moore his immediate grantee. When Moore asked him whether he claimed any interest in the land he should have limited his consent, or as soon as he was apprised that Sorenson claimed the right to rescind the sale he should have informed Moore and respondent of his contingent interest, if he intended to claim it upon a rescission.

The appellant having assured respondent's grantor that he had no interest in the unsurveyed land, and having allowed him to take possession of and build upon it and use the water in dispute, and he having done so in good faith, at a cost of $1,000, and respondent having paid that sum and expended as much as $500 in addition, and the appellant knowing of such improvements and having made no objections, but having acquiesced therein, was estopped as the lower court held from claiming the waters in dispute.

We find no error in the record. The decree is affirmed, with costs.

BARTCH, J., and MINER J., concur.